UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MORGAN WILLIAMS,

        *Plaintiff*,

v.

APPLE INC.,

        *Defendant*.

Civil Action No. 23-3901 (RDM)

## ORDER

Plaintiff Morgan Williams brings this suit against her former employer, Apple, Inc., for its alleged failure to accommodate her disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 2112 *et seq*. Dkt. 1 at 4–5 (Compl.), and the D.C. Human Rights Act ("DCHRA"). She alleges that on June 1, 2015, Apple hired her for a remote chat support position. *Id.* at 5 (Compl.); Dkt. 12-3 at 2 (EEOC Compl.) (describing Williams as being employed as a "Chat/Customer Service Representative and Chat/Mentor Content Strategist"). But in January 2022, she "was informed by [a] direct manager and Corporate Employee Relations representative (CES) that the chat Senior Advisor role [had] changed to a phone Senior Advisor role," that her "accommodation request for a demotion to a lower level chat or non-phone portion of the[] role was denied," and that "if [she] was unable to perform the phone functions in this new role," she "could choose a severance package or start an internal 30-day job search program." Dkt. 1 at 5 (Compl.). Williams alleges that she was subsequently terminated (or placed on leave) on March 28, 2022, *id.* at 4.[1]

---

[1] Plaintiff's complaint states that she was terminated and that the alleged discriminatory act occurred on March 28, 2022. Dkt. 1 at 4. In her EEOC complaint, however, Plaintiff stated that

Apple has moved to dismiss the complaint, arguing that this Court does not have personal jurisdiction over the Company under Federal Rule of Civil Procedure ("Rule") 12(b)(2), that venue is improper under Rule 12(b)(3), and that Williams has failed to state a claim under Rule 12(b)(6). *See generally* Dkt. 12-1. For the reasons that follow, the Court agrees with Apple that Williams has not shown that venue is proper in the District of Columbia. Accordingly, the Court **GRANTS** Apple's motion to dismiss, but if Williams would like the Court to transfer this case to a federal court where jurisdiction is proper, she should file a motion for reconsideration requesting that relief on or before June 11, 2024.

Federal law requires that plaintiffs bring suit "in the proper venue" to "ensure[ ] that a district with some interest in the dispute or nexus to the parties adjudicates the plaintiff's claims." *Hamilton v. JPMorgan Chase Bank*, 118 F. Supp. 3d 328, 333 (D.D.C. 2015). Generally, venue is proper in a district (1) where any defendant resides (if all defendants are residents of the same state); (2) where the events giving rise to the suit occurred; or (3) if "there is no district in which an action may otherwise be brought," in any district in which a defendant is subject to personal jurisdiction. 28 U.S.C. § 1391(b). But Title VII has its own venue provision—which the ADA incorporates, 42 U.S.C. § 12117(a)—that states that

> an action may be brought [1] in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved

---

an HR employee told her that she "would be placed on a 30-day job search and end [her] employment with [Apple]." Dkt. 12-3 at 2 (EEOC Compl.). And in her opposition to Defendant's motion to dismiss Plaintiff stated that she struggled to return Apple equipment "after she started short-term disability leave between March 2022 to her phone call termination on May 30, 2023." Dkt. 16 at 4. Because the complaint is what is controlling and a Plaintiff cannot amend their complaint through their opposition briefs, the Court treats the March 2022 date as controlling. *See Pappas v. District of Columbia*, 513 F. Supp. 3d 64, 81 n.5 (D.D.C. 2021) ("[A] party cannot amend his or her complaint by the briefs in opposition to a motion to dismiss.").

2

>person would have worked but for the alleged unlawful employment practice, [4] but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3). Where a case involves more than one cause of action," as is true here, "venue must be proper as to each claim," *Relf v. Gasch*, 511 F.2d 804, 807 n.12 (D.C. Cir. 1975); *see also* 14D Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3807 (4th ed. 2018). "Because it is the plaintiff's obligation to institute the action in a permissible forum, the plaintiff usually bears the burden of establishing that venue is proper." *Freeman v. Fallin*, 254 F. Supp. 2d 52, 56 (D.D.C. 2003). Here, Williams has not met her burden of showing that venue is proper.

To begin with her ADA claim, Williams has not demonstrated that the events relevant to her suit—that is the denial of her accommodation request and subsequent termination—occurred when she resided in the District of Columbia (rather than North Carolina). When Williams filed a complaint with the EEOC regarding Apple's alleged ADA violations on June 23, 2022, the address that Williams used for her EEOC Complaint was a North Carolina address, Dkt. 12-3 at 2 (EEOC Compl.), and the address she used for her employer was an address in Austin, Texas, *id.* Moreover, in her opposition to Apple's motion to dismiss, Williams represented that she did not move to the District of Columbia until March 2022—after she was placed on leave. Dkt. 16 at 2. From what has been presented, the Court has no basis from which to infer that the alleged "unlawful employment practice" occurred in the District of Columbia. Nor has Williams alleged that she would have worked in the District of Columbia but for the "alleged unlawful employment practice." Although Williams represents that she moved to the District shortly after being placed on leave, it is unclear whether she would have made that move if her request for an accommodation had been granted and she hadn't been placed on leave.

3

Likewise, there is no reason to believe that the "employment records relevant to" the alleged unlawful employment practice are in the District of Columbia. As mentioned, Williams listed the relevant Apple address for her EEOC complaint as one in Austin, Texas. Dkt. 12-3 at 2. And Apple's principal place of business is Cupertino, California, and the company is incorporated in California, Dkt. 12-2 at 1 (Whittington Decl. ¶¶ 5–6); it is not the District of Columbia. Therefore, Williams fails to demonstrate that venue is proper under the fourth prong of the ADA's special venue provision as well.

In addition to failing to show that venue is proper for her ADA claim, Williams also fails to show that venue is proper with respect to her DCHRA claim. As has been explained, Williams has failed to allege that the events giving rise to this suit occurred in the District of Columbia, as the relevant events appear to have occurred prior to her move. For the same reason, Williams has also not shown that Apple "resides" in the District of Columbia, such that venue is proper. Although a corporate defendant is deemed to "reside" in a particular district if "such defendant is subject to the court's personal jurisdiction with respect to the civil action in question," 28 U.S.C. § 1391(c)(2), Williams has not alleged sufficient facts from which the Court could find that it has personal jurisdiction over Apple. *See Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 456 (D.C. Cir. 1990) ("The plaintiff has the burden of establishing a factual basis for the exercise of personal jurisdiction over the defendant.").

A plaintiff may establish personal jurisdiction by asserting either general jurisdiction—which "extends to any and all claims brought against a defendant"—or specific jurisdiction—which requires that "[t]he plaintiff's claims . . . arise out of or relate to the defendant's contacts with the forum." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024–25 (2021) (internal quotation marks omitted).

General personal jurisdiction exists when a defendant's connections with the forum are "so continuous and systematic as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011); *Pilkin v. Sony Interactive Ent., LLC*, No. 17-cv-2501, 2019 WL 224145, at *2 (D.D.C. Jan. 16, 2019) (explaining that for a foreign corporation (i.e., one not organized under the law of the District of Columbia), "the Court must look to D.C. Code § 13–334(a), which authorizes general jurisdiction over a foreign corporation only if it is 'doing business in the District' and the exercise of general jurisdiction comports with constitutional due process;" the due process clause in turn, requires that "the company's affiliations with the District of Columbia [be] so 'continuous and systematic' as to render [it] essentially at home" (quoting *Goodyear*, 564 U.S. at 919)). For corporations, the "paradigm all-purpose forums" are their principal place of business and state of incorporation. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Apple's principal place of business is Cupertino, California, and the company is incorporated in California, Dkt. 12-2 at 1 (Whittington Decl. ¶¶ 5–6). In addition, Williams's contention that Apple is rendered "at home" in the District because it maintains a store here falls far short of the "continuous and systematic" ties necessary to establish general jurisdiction. *See BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 414 (2017) ("A corporation that operates in many places can scarcely be deemed at home in all of them.").

"When general jurisdiction is unavailable, a court might still exercise specific personal jurisdiction over a defendant." *Adler v. Loyd*, 496 F. Supp. 3d 269, 276 (D.D.C. 2020). Specific personal jurisdiction is "confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear Dunlop Tires Operations*, 564 U.S. at 919. As with general personal jurisdiction, a plaintiff must show specific personal jurisdiction is

5

proper under the forum's long-arm statute and due process.  *See FC Inv. Grp. LC v. IFX Mkts., Ltd.*, 529 F.3d 1087, 1094–95 (D.C. Cir. 2008).  The District of Columbia's long-arm statute is quite broad, *see* D.C. Code § 13-423, so the limiting principle is the due process clause:  "Under the due process clause, specific personal jurisdiction exists if the plaintiff shows 'minimum contacts between the defendant and the forum establishing that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'"  *Adler*, 496 F. Supp. 3d at 276 (quoting *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000)).  Here, the only contacts that Williams alleges that Apple has with the District of Columbia is the fact that Apple has stores in the District.  *See* Dkt. 16 at 2–3.  But Williams does not explain how the existence of Apple stores in D.C. relates to her own ADA claim, the events of which appear to have occurred prior to her move to the District and do not appear to pertain to any of Apple's business activities in D.C.

For these reasons, Williams has not shown that venue is proper for either one of her claims: her ADA claim or her DCHRA claim.  Accordingly, it is hereby **ORDERED** that Defendant's motion to dismiss, Dkt. 12, is **GRANTED**.  That said, should Williams like the Court to transfer her case to another federal judicial district where venue is proper, she should move for reconsideration of this order and a motion to transfer pursuant to 28 U.S.C. § 1406 on or before June 11, 2024.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  May 27, 2024